**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4217**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

HENRY ALAN LEE,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta Copeland Biggs, District Judge. (1:15-cr-00281-LCB-1)

_____

Submitted: December 30, 2016          Decided: January 10, 2017

_____

Before TRAXLER, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Eric L. Iverson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Allen Lee pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (2012). The district court varied below the Sentencing Guidelines range and sentenced Lee to 121 months' imprisonment. Lee now appeals, challenging the substantive reasonableness of the sentence. Finding no error, we affirm.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Because Lee does not assert any procedural sentencing error, we review only the substantive reasonableness of the sentence, considering "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51. We presume that a sentence below a properly calculated Guidelines range is substantively reasonable, rebuttable only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014); see United States v. Strieper, 666 F.3d 288, 295-96 (4th Cir. 2012) (rejecting argument that presumption of reasonableness should not apply to sentences for child pornography offenses).

We have thoroughly reviewed the record and conclude that Lee has failed to rebut the presumption of reasonableness applied to his sentence. Based on the factors identified by the district

court, the court did not abuse its discretion in concluding that Lee's downward variant sentence is sufficient but not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2012). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED